IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| MOTHER DOE and FATHER DOE, on behalf of JOHN DOE., their minor child; | Case No. 3:23-cv-00498 |
| Plaintiffs, | |
| v. | Judge Campbell<br>Magistrate Judge Holmes |
| SUMNER COUNTY BOARD OF EDUCATION D/B/A SUMNER COUNTY SCHOOLS, | JURY DEMAND |
| Defendant. | |

## DEFENDANT'S MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Sumner County Board of Education (the "Board"), by and through counsel, respectfully moves to dismiss Plaintiffs' Complaint. Plaintiffs assert five claims in their Complaint: (1) the Board violated Title IX by maintaining a policy of deliberate indifference to sexual harassment before the incident; (2) the Board violated Title IX by acting with deliberate indifference after the incident; (3) the Board violated the Equal Protection Clause by failing to train its employees on the proper handling of complaints of sexual harassment; (4) the Board violated the Equal Protection Clause by its deliberate indifference to ongoing harassment; and (5) the Board violated Title VI by failing to properly address Plaintiffs' claims of racial harassment. The Board is entitled to dismissal of each of Plaintiffs' claims.

First, Plaintiffs' Title IX *before* claim fails because Plaintiffs cannot show that the Board maintained a policy of deliberate indifference to reports of sexual misconduct which created a heightened risk of sexual harassment that was known or obvious.

Second, Plaintiffs' Title IX *after* claim also fails because Plaintiffs cannot show that the alleged harassment was based on sex, and even if the harassment was based on sex, the alleged incident of harassment was not so severe, pervasive and objectively offensive so as to constitute "actionable" sexual harassment under Title IX. Moreover, even if the incident could be considered actionable sexual harassment, Plaintiffs' claim fails because they cannot show that the Board's actions in response to their complaints of alleged sexual harassment were clearly unreasonable or that the Board's response subjected John Doe to further actionable harassment.

Third, Plaintiffs' Equal Protection violation claims under § 1983 likewise fail because Plaintiffs cannot establish the predicate constitutional violation under Title IX.

Finally, Plaintiffs' Title VI claim fails because the alleged incidents of racial harassment were not so severe, pervasive, and objectively offensive as to deny John Doe equal access to education as required to establish liability under Title VI, and the Board's response was not clearly unreasonable in light of the known circumstances because such racial harassment was never reported to the Board by the Plaintiffs.

In support of its Motion, the Board relies upon a contemporaneously filed Memorandum of Law.

For the reasons stated herein and set forth in the Board's Memorandum, the Board respectfully requests that the Court:

A. Grant the Board's Motion to Dismiss;

B. Dismiss the Complaint; and

C. Grant any further legal or equitable relief as the Court deems just and proper.

DATED: July 10, 2023

          Respectfully submitted,

          s/ *E. Todd Presnell*
          E. Todd Presnell (BPR #17521)
          Casey L. Miller (BPR #33952)
          Tara S. Sarosiek (BPR #34006)
          Ocasha Musah (BPR #39224)
          BRADLEY ARANT BOULT CUMMINGS LLP
          Roundabout Plaza
          1600 Division Street
          Suite 700
          Nashville, TN 37203-0025
          Tel.: (615) 252-2355
          Fax: (615) 252-6355
          tpresnell@bradley.com
          cmiller@bradley.com
          tsarosiek@bradley.com
          omusah@bradley.com

          *Attorneys for Defendant, Sumner County Board of Education*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served via the Court's ECF system on the following:

Hayley H. Baker
HB ADVOCATES PLLC
3820 Charlotte Avenue, Suite 146-24
Nashville, Tennessee 37209

*Attorney for Plaintiffs*

on this 10th day of July, 2023.

          s/ E. Todd Presnell
          E. Todd Presnell

3

Case 3:23-cv-00498    Document 13    Filed 07/10/23    Page 3 of 3 PageID #: 146