IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| MOTHER DOE and FATHER DOE, on behalf of JOHN DOE., their minor child;<br><br>Plaintiffs,<br><br>v.<br><br>SUMNER COUNTY BOARD OF EDUCATION D/B/A SUMNER COUNTY SCHOOLS,<br><br>Defendant. | Case No. 3:23-cv-00498<br><br>Judge Campbell<br>Magistrate Judge Holmes<br><br>JURY DEMAND |

**STIPULATION OF AGREED-UPON ELECTRONIC DISCOVERY PROCEDURES**

The parties will make reasonable efforts to prepare responsive and non-privileged data for production in accordance with the agreed-upon specifications set forth below. These specifications apply to hard copy documents or electronically stored information ("ESI") which are to be produced in the first instance in this litigation.

1. This E-Discovery Order streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as Federal Rule of Civil Procedure 1 requires.

2. This E-Discovery Order may be modified in the Court's discretion or by agreement of the parties. The parties shall jointly submit any proposed modifications. If the parties cannot resolve their disagreements regarding these modifications, the parties shall submit to the Court their competing proposals and a summary of their dispute.

3. Absent a showing of good cause, general ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure requirement of this

Court, shall not include metadata. However, fields showing the date and time that the document was sent and received, as well as the complete distribution list, shall generally be included in the production if such fields exist.

4. Absent agreement of the parties or further order of this Court, the following parameters shall apply to ESI production:

**A. General Document Image Format.** ESI and non-ESI documents will be produced to the requesting party as text-searchable image files (e.g., PDF or TIFF). Files shall be single page and shall be named with a unique production number followed by the appropriate file extension. Load files shall be provided to indicate the location and unitization of TIFF files. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

**B. Footer.** Each document image shall contain a footer with a sequentially ascending production number.

**C. Native Files.** The only files that should be produced in native format are files not easily converted to image format, such as Microsoft Excel files. However, a party that receives a document produced in a format specified above may make a reasonable request to receive the document in its native format, and upon receipt of such a request, the producing party shall produce the document in its native format.

**D. No Backup Restoration Required.** Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case.

**E. Parent-Child Relationships.** Parent-Child relationships (the association between an attachment and its parent document) must be preserved so that a document and any attachments to that document are produced in the same production set and the relationships identifiable, except in the case of documents withheld based on privilege and/or work product. The parties agree to provide beginning attachment and ending attachment fields in the database load file to capture the entire production number range for the parent/child(ren) documents.

**F. Password Protected Files.** The parties will make reasonable efforts to identify any potentially relevant ESI that is password protected or encrypted and remove those passwords so that the documents may be searched or reviewed. If a party's efforts fail, that party must identify the file(s) at issue and the parties should meet and confer to discuss next steps, if any. The parties need not provide information on passwords obtained or the manner with which password-protected or encrypted files were made accessible.

**G**. **Unitizing Documents.** In scanning paper documents, distinct documents should not be merged into a single record, and single documents should not be split into multiple records (*i.e.*, paper documents should be logically unitized). The parties will use reasonable efforts to unitize documents correctly.

5. General ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure order of this Court, may include e-mail or other forms of electronic correspondence (collectively "e-mail").

6. The intentional or inadvertent disclosure of communications, information, or documents covered by the attorney-client privilege or work-product protection is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.

This E-Discovery Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Accordingly, the provisions of Federal Rule of Evidence 502(b) do not apply, and the disclosing party is not required to satisfy the elements of Rule 502(b) to properly assert the attorney-client privilege or work-product protection over disclosed communications, information, and documents.

Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

7. The parties agree that this E-Discovery Order will govern the discovery of ESI for the issues addressed here. The parties have worked in good faith to identify and agree to these discovery procedures. Despite their best efforts, however, the parties recognize that they cannot, at this early stage of the case, predict how this matter will unfold, and they agree to continue to meet and confer and negotiate in good faith as issues arise.

8. Except as expressly stated, nothing in this order affects the parties' discovery obligations under the Federal or Local Rules.

9. At the conclusion of the litigation, the static image (e.g., TIFF files) and native documents and files produced shall be returned to the producing party or destroyed.

10. The parties agree that the production of electronic documents and files pursuant to this Order shall be deemed to be produced as kept in the normal course of business for Fed. R. Civ. P. 34 purposes only—not for evidentiary purposes.

11. Nothing herein shall constitute any agreement that a document is authentic or admissible at trial. The parties may meet and confer on such issues at a later time.

DATED: August 18, 2023.

Respectfully submitted,

s/ *Casey L. Miller*
E. Todd Presnell (BPR #17521)
Casey L. Miller (BPR #33952)
Tara S. Sarosiek (BPR #34006)
Ocasha Musah (BPR #39224)
BRADLEY ARANT BOULT CUMMINGS LLP
Roundabout Plaza
1600 Division Street, Suite 700
Nashville, TN 37203-0025
Tel.: (615) 252-2355
Fax: (615) 252-6355
tpresnell@bradley.com
cmiller@bradley.com
tsarosiek@bradley.com
omusah@bradley.com

*Attorneys for Defendant, Sumner County Board of Education*


s/ *Hayley H. Baker*
Hayley H. Baker (BPR #37439)
HB ADVOCATES PLLC
3820 Charlotte Avenue, Suite 146-24
Nashville, Tennessee 37209
Email: hbaker@hb-advocates.com
Phone: (615) 505-3260

*Attorney for Plaintiffs*

5

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served via the Court's ECF system on the following:

Hayley H. Baker
HB ADVOCATES PLLC
3820 Charlotte Avenue, Suite 146-24
Nashville, Tennessee 37209

Justin S. Gilbert
Gilbert Law, PLC
100 W. Martin Luther King Blvd.
Suite 501
Chattanooga, Tennessee 37402
justin@schoolandworklaw.com

*Attorneys for Plaintiffs*

on this 18th day of August 2023.

                                                *s/ Casey L. Miller*
                                                Casey L. Miller