IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| MOTHER DOE and FATHER DOE, on behalf of JOHN DOE, their minor child, | ) ) ) ) |
| Plaintiffs, | ) Case No. 3:23-CV-00498 ) ) JURY DEMAND |
| -vs- | ) ) ) JUDGE CAMPBELL ) MAGISTRATE JUDGE HOLMES |
| SUMNER COUNTY BOARD OF EDUCATION D/B/A SUMNER COUNTY SCHOOLS, | ) ) ) |
| Defendant. | |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO STRIKE CERTAIN ALLEGATIONS IN THE AMENDED COMPLAINT**

### I. LEGAL STANDARD

Motions to strike under Rule 12(f) are viewed with disfavor and infrequently granted: "[T]he action of striking a pleading should be sparingly used by the courts. It is a drastic remedy to be resorted to only when required for the purposes of justice."

*MSP Recovery Claims, Series LLC v. Auto Club Ins. Ass'n*, 2022 U.S. Dist. LEXIS 153143, *4 (E.D. Mich. 2022). The MSP court collects the meaning and standards for "immaterial" and "impertinent" allegations:

> Immaterial allegations have "no bearing on the subject matter of the litigation" *Johnson*, 2008 U.S. Dist. LEXIS 38617, 2008 WL 2064968, at * Motions to strike "should be granted only when the pleading to be stricken *has no possible relation* to the controversy." *Rock Holdings, Inc. v. Certain Underwriters at Lloyd's London*, 2009 U.S. Dist. LEXIS 69980, 2009 WL 2475400, at *3 (E.D. Mich. Aug. 11, 2009) (quoting *Brown*, 201 F.2d at 822) (emphasis added). Impertinent allegations "do not pertain or are not necessary to the issues in question." *Thule Towing Sys., LLC v. McNallie*, 2009 U.S. Dist. LEXIS 60367, 2009 WL 2144273, at *3 (E.D. Mich. July 15, 2009) (citations

1

omitted). "Allegations are only stricken for impertinence if 'it appears to a certainty that [defendants] would succeed despite any state of the facts which could be provided in support of the [claim] and are inferable from the pleadings." *Preston v. Cnty. of Macomb*, 2019 U.S. Dist. LEXIS 123142, 2019 WL 3315280, at *16 (E.D. Mich. July 24, 2019) (quoting *Operating Engineers Loc. 324 Health Care Plan v. G & W Const. Co.,* 783 F.3d 1045, 1050 (6th Cir. 2015)).

*Id.*

## II. ARGUMENT

In relying upon Federal Rule of Civil Procedure 12(f), Defendant asks the Court to strike allegations involving race on the grounds they are either false, inflammatory, prejudicial, or designed to attract media scrutiny. (D.E. 23, Memorandum, p. 1). Defendant reasons that *racial* statements can have no place in a case involving *sexual assault of a black student*. Plaintiffs contend, by contrast, that words evincing the power dynamic between the abuser and the victim—racial or otherwise—are relevant to understanding the student's environment. Plaintiffs respond to the specific allegations in context.

### ALLEGATION

"43. Defendant and Hendersonville High School (hereinafter "Hendersonville") have been accused of allowing, mishandling, and/or enabling complaints of racial bullying, hazing, and sexual harassment. See e.g. Complaint, *Hayes v. Sumner County Bd. of Educ.,* No. 3:14-cv-01147 (M.D. Tenn. May 8, 2014)"

### RESPONSE

Plaintiffs acquiesce that Paragraph 43 is unnecessary to the claims in the Amended Complaint. As such, Plaintiffs do not oppose striking this particular allegation.

### ALLEGATIONS

"44. In the past, Defendant's athletic departments have mishandled and responded with deliberate indifference to numerous incidents of sexual misconduct, hazing, and racial bullying. It is this history which created a culture of "stripping and whipping," with John Doe being among the latest victims."

"48. Here, John Doe is an African American boy who, as a sophomore, played football on Hendersonville High School's predominantly white football team. Sumner County created a football program filled with sexism and racism, so much so that it became the usual rather than unusual behavior."

49. For example, several of John Doe's white teammates regularly called him "monkey" and "cotton picker," before, during, and after football games and practice. In fact, the same teammate who sexually assaulted John Doe referred to himself, on at least one occasion, as John Doe's "master."

50. Teammates also regularly called each other derogatory slurs including "n----," "n- ----", "p----", and "b----".

57. Because of the culture of whipping bare buttocks and physical bullying (and even racial harassment) without consequence, Sumner County created an "anything goes" culture within its football program.

58. Defendant's prior mishandlings of sexual and racial misconduct, paired with the accepted culture of harassment and bullying on the Hendersonville football team, show that Defendant had actual knowledge of sexual harassment and maintained a policy of deliberate indifference to sexual harassment."

**RESPONSE**

These allegations should **not** be stricken.

Plaintiffs' counsel have discussed with and learned from their clients about how racially charged words toward a person, John Doe, of a different race, are used for a *purpose of power*: to dehumanize. The ultimate act of physical abuse was sexual, Plaintiffs agree, but the *power dynamics* leading to the sexual abuse involved power-driven use of words that are intentionally racial. Indeed, power imbalance and control are the main drivers of sexual assault and sexual harassment. *See* Nondiscrimination on the Basis of Sex in Education Programs, 85 Fed. Reg. 30,026, 30,111, n.497 (May 19, 2020) ("Sexual harassment or assault is a crime of power . . . . The survivor is stripped of their power and control."); *id*. at 30,243 ("The Department recognizes that a variety of power dynamics can affect perpetration and victimization in the sexual violence

context."). That Plaintiffs have elected to sue for the physical abuse, not the words themselves, does not lessen their importance to the *power dynamic* or overall environment.[1]

Bullying, hazing, and harassment all occur through abuse of power. The racial words, therefore, are *relevant to illustrate the power dynamic* the assailants asserted over John Doe—whether he sues for race discrimination per se or not. Here, the context of the racial words will come up in the totality of the environment, John Doe's state of mind, enforcement of discrimination policies, whether to complain, perceptions of coaching, the power differential, the "anything goes" culture, etc. These are all relevant to the "constellation of surrounding circumstances" that is necessary in a Title IX claim. *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 82 (1998).

Like a flame, racially charged words can spread power among a majority group. Indeed, Defendant refers to them as "inflammatory." But here, the allegations are not unfounded, but accurate illustrations of the spread of power among a predominantly white group, ending in physical attack and sexual assault. At trial, a simple limiting instruction may be appropriate to show that Plaintiffs are claiming sexual assault, not racial harassment. That will prevent confusion while comporting with the long-held admonition against striking language in pleadings.

### III. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs respectfully request the Court grant in part and deny in part Defendant's Motion to Strike.

---

[1] For a young black student, calling him a "cotton picker," a "monkey," a "n____," his "master," or hearing these words flippantly bandied about by white teammates, illustrates the tolerance of discrimination generally, but also the *power dynamic* in the student's environment. It shapes his thinking, his reactions, and illustrates the power dynamic.

4

Respectfully submitted,

**HB ADVOCATES PLLC**

/s/ Hayley H. Baker
Hayley Hanna Baker, TN Bar No. 37439
3820 Charlotte Avenue
Suite 146-24
Nashville, Tennessee 37209
Email: hbaker@hb-advocates.com
Phone: (615) 505-3260

*Attorney for Plaintiffs*

**GILBERT LAW, PLC**

/s/ Justin S. Gilbert
Justin S. Gilbert (TN Bar No. 017079)
100 W. Martin Luther King Blvd, Suite 501
Chattanooga, TN 37402
Telephone: 423.756.8203
justin@schoolandworklaw.com

*Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 5, 2023, a copy of the foregoing was served via the Court's ECF system on the following:

> E. Todd Presnell
> Casey L. Miller
> Ocasha Musah
> Tara S. Sarosiek
> BRADLEY ARANT BOULT CUMMINGS LLP
> 1600 Division Street, Suite 700
> Nashville, Tennessee 37203
> P: 615.252.2393
> F: 615.252.6393
> tpresnell@bradley.com
> cmiller@bradley.com
> omusah@bradley.com
> tsarosiek@bradley.com

/s/ Hayley H. Baker