

# Sumner County Board of Education

Scott Langford, Ed.D.
Director of Schools
695 East Main Street   Gallatin, TN 37066-2472
Phone: (615) 451-5200   Fax: (615) 451-5216

September 22, 2023

Dear ███████████████,

In May 2023, a minor student, who played on the Hendersonville High School ("HHS") varsity football team during the 2022-2023 school year, sued the Sumner County Board of Education (the "Board"). He claims that he was harassed by other members of the HHS varsity football team. He alleges that the harassment violated his rights under Title IX of the Civil Rights Act. He has since transferred to another school in Sumner County. The lawsuit, *Mother Doe et. al. v. Sumner County Board of Education*, No. 3:23-cv-00498, is pending in the federal court in the Middle District of Tennessee in Nashville.

The Board has received a request for documents related to the lawsuit. The former HHS football player's family has requested student records, including disciplinary files, from certain Hendersonville High School students to use them in the lawsuit. The Board has these documents in its student files and has not requested them. It has treated, and will continue to treat these documents, as confidential student records.

The Board is sending you this letter to provide you notice, in compliance with the Family Educational Rights and Privacy Act ("FERPA"), that your student's records, including disciplinary records, have been requested in this lawsuit. This does not mean that you are a party to the lawsuit. It only means that your student's records have been requested to be produced in the lawsuit.

FERPA allows you to object to the release of your student's records in this lawsuit. If you decide to object to disclosure of your student's records, you (or your attorney) can object by filing a motion with the Court. The Board is providing you with reasonable notice of 17 days from the date of this letter to file your objection before the Board produces the records. The Board asks that you provide a copy of any motion filed with the Court at Craig.Ott@Sumnerschools.org. If you fail to object within 17 days of the date of this letter, the Board intends to produce records to Plaintiffs for use in this lawsuit. If you do not object to the release of your information, you do not need to take any further action.

The parties in the lawsuit have agreed to a protective order that requires all parties in the lawsuit to treat your student's records as confidential. In general, this will protect your student's records from being used for any purpose other than for this lawsuit. Any person who receives your records, aside from those persons enumerated in the protective order, must agree to treat your student's records as confidential and refrain from sharing them with anyone who is not involved in the lawsuit. The protective order is attached.

The Board cannot provide you with any legal advice concerning the potential release of your records. If you have any legal questions, you will need to consult your own attorney. If you have any questions about this letter, please reach out to Craig Ott.

Sincerely,

*[signature]*

Scott Langford, Ed.D.
Director of Schools

*Board of Education Members*
Sarah Andrews  Tim Brewer  Andy Daniels  Josh Graham  Glen Gregory  Betsy Hawkins  Tammy Hayes  Steven King  Andy Lacy  Allen Lancaster  Ted Wise

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| MOTHER DOE and FATHER DOE, on behalf of JOHN DOE., their minor child;<br><br>Plaintiffs,<br><br>v.<br><br>SUMNER COUNTY BOARD OF EDUCATION D/B/A SUMNER COUNTY SCHOOLS,<br><br>Defendant. | Case No. 3:23-cv-00498<br><br>Judge Campbell<br>Magistrate Judge Holmes<br><br>JURY DEMAND |

## AGREED PROTECTIVE ORDER[1]

Upon agreement of the parties, as evidenced by their joint motion and agreed proposed protective order, and to expedite the flow of discovery material, facilitate the prompt resolution of discovery disputes, and to protect materials for discovery purposes that the parties' contend is entitled to be kept confidential, the Court **ORDERS** the following:

The parties stipulate and agree that certain documents that may be provided during discovery contain certain personal health information. The parties further stipulate and agree, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, that certain documents and information that the parties requested and may request in discovery in this action may contain confidential student records, including disciplinary files, protected from certain kinds of disclosure under the Family Educational Rights and Privacy Act ("FERPA"), documents protected by a Board policy or other privacy concerns, or other information that a party contends is proprietary

---

[1] The Court's substantive modifications to the parties' agreed protective order are delineated by striking through deleted language, if any, and underlining added language.

1

information, which the parties assert must be protected from unauthorized disclosure for any purpose other than the prosecution or defense of this lawsuit. Accordingly, these terms and conditions shall govern the use and treatment of documents, tangible items, information, testimony, and other materials that the producing party believes, in good faith, contain confidential information:

## PROTECTED HEALTH INFORMATION

1. This Protective Order governs the use and safeguarding of personal health information that may be protected under the federal Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). Protected Health Information will be treated in a manner to protect its confidential nature. The parties acknowledge that protected health information may be redacted, filed under seal, or treated with other reasonable precautions as the circumstances dictate.

2. This Protective Order applies to Protected Health Information whether contained in documents, deposition testimony, deposition exhibits, or any other written, recorded, electronic, or graphic matter produced at any time during this proceeding, including Protected Health Information produced prior to the entry of this Protective Order, but otherwise does not restrict use of material obtained by means other than discovery in this proceeding.

3. Pursuant to 45 CFR § 164.512(e), the participants in this proceeding may only use or disclose the Protected Health Information for the purposes of preparing for and conducting this proceeding, and only in the manner prescribed herein. Protected Health Information shall not be disclosed or discussed with any person except the Court; any participant in this proceeding; counsel of record for this proceeding, and such employees and agents of such counsel (including legal assistants, expert witnesses, consultants, vendors, court reporters, and other persons

2

employed and supervised by such counsel) necessary to assist such counsel; any witness; or any other person permitted by order of this Court. Such persons shall be made aware of this Protective Order and shall be fully bound by it. Each person who is provided in any manner (including by reviewing or being shown such information by summary or description) Protected Health Information (and/or information derived therefrom) is prohibited from using the information for any purpose other than this proceeding. *See* 45 C.F.R. § 164.502(b).

4. The parties are hereby granted the right, upon compliance with the applicable discovery provisions of the Federal Rules of Civil Procedure and the orders of this court, to obtain from any health care provider, health plan, or other entity covered by the HIPAA, any and all information relating to the past, present, future medical condition of any individual who is a party to this action, as well as, any and all information relating to the provision of health care to such individual and payment for the provision of such health care (collectively the "Protectable Health Information").

5. This Protective Order authorizes any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose the Protected Health Information in response to such request or subpoena.

6. This Protective Order is intended to authorize such disclosures under the privacy regulations issued pursuant to HIPAA. 45 C.F.R. § 164.512(e)(1)(i).

7. The prohibitions of this Protective Order do not apply to the parties' use of their own Protectable Health Information.

8. Promptly upon the conclusion of this proceeding, consistent with paragraph 18, all Protected Health Information shall be returned to the person that produced such material or shall be destroyed (including all copies made) unless the Court orders otherwise. Notwithstanding the

3

Case 3:23-cv-00498   Document 36-1   Filed 09/14/23   Page 3 of 10 PageID #: 376
Case 3:23-cv-00498   Document 52-1   Filed 03/25/24   Page 4 of 11 PageID #: 657

foregoing, counsel may retain attorney work product concerning or incorporating the Protectable Health Information.

## AGREED CONFIDENTIALITY PROCEDURES

9. Any party or nonparty producing documents and written information during discovery in this matter which a party contends are confidential in nature may designated them as such.[2] Such designation shall be made by placing on the face of the material the designation "CONFIDENTIAL." Duplicate copies shall also be deemed "CONFIDENTIAL." A party's designation of documents or other material as "CONFIDENTIAL" is not binding on the Court, including for any determination of whether to restrict public access to such information if offered as part of the record in this case.

10. Counsel for any party or any witness may designate the transcript (or any other portion thereof) of any deposition as "CONFIDENTIAL" by so stating on the record of the deposition or by doing so within seven (7) days of receipt of the transcript of the deposition.

11. A party may object to the designation of documents and/or information as confidential by serving written notice of its objection upon the party that submitted the document(s), specifying therein the document(s) and/or information to which the objection is made. The parties shall attempt to resolve the dispute in accordance with the discovery dispute resolution procedures in place in this case. The disputed document(s) and/or information shall remain CONFIDENTIAL pending resolution by the Court, including any allowed motion.

---

[2] The designation of a document as "CONFIDENTIAL" pursuant to this Protective Order is not an admission that that the document is in fact protected by either HIPAA or FERPA. Rather, this Protective Order is being entered into as a precautionary measure in order to protect sensitive information that may or may not be covered by HIPAA or FERPA.

4

Case 3:23-cv-00498   Document 36-1   Filed 09/14/23   Page 4 of 10 PageID #: 377
Case 3:23-cv-00498   Document 52-1   Filed 03/25/24   Page 5 of 11 PageID #: 658

12. Except as otherwise provided herein, documents, deposition transcripts, and any other information designated as "CONFIDENTIAL" pursuant to this Protective Order, and any information contained therein, and any notes, abstracts or summaries made therefrom, shall not be thereafter disclosed in any manner to anyone other than the parties herein, their respective counsel, including legal assistants or other regular law firm employees working under counsel's supervision who are involved in the prosecution or defense of this action, and persons employed by or assisting counsel in preparation for, or at the trial of this action, including experts which counsel may consult (but not lay witnesses), and all such information shall be used solely for the prosecution or defense of this action.

13. If counsel for any party determines that the defenses or prosecution of this action requires that material which has been designated as "CONFIDENTIAL" pursuant to this Protective Order, including depositions, be disclosed for any purpose to persons not otherwise authorized herein, written notice that such party intends to seek permission of the Court to make such disclosure, identifying the otherwise unauthorized person and designating the information desired to be disclosed, must be made to the party who submitted the documents or information not less than seven (7) days prior to the intended disclosure. If within seven (7) days after the receipt of notice, the party who submitted the documents or information makes a written objection to the party giving the notice, the "CONFIDENTIAL" material shall not be disclosed unless the Court so orders. If timely written objection is not made, the party who submitted the documents or information shall be deemed to have waived any objection to the disclosure of the designated information to the identified person only, and such disclosure may proceed without further order of the Court. Before disclosure of any "CONFIDENTIAL" materials may be made to persons not otherwise authorized herein, whether by Court order or otherwise, the persons to whom such

5

Case 3:23-cv-00498   Document 36-1   Filed 09/14/23   Page 5 of 10 PageID #: 378
Case 3:23-cv-00498   Document 52-1   Filed 03/25/24   Page 6 of 11 PageID #: 859

disclosure is to be made must agree to be bound by the terms of this Protective Order, including the conditions set forth in paragraph 14 below, and execute the agreement set for in **Exhibit A** hereto.

14. Each person to whom disclosure of any "CONFIDENTIAL" material is made in accordance with this Protective Order is hereby prohibited from divulging any of the materials so obtained without proper authorization, or from exploiting in any way such materials for his or her own benefit, or from using such material for any purpose or in any manner not directly related to the prosecution or defense of this action.

15. The designation of material as "CONFIDENTIAL" pursuant to this Protective Order, shall not affect the material's admissibility at trial or the Court's determination as to whether it shall be received into evidence at trial, nor shall such designation constitute the authentication of such material or a waiver of any right to challenge the relevance, confidentiality, or admissibility of such material. Nor shall such designation affect the Court's determination of whether to restrict public access to such information if offered as part of the record in this case.

16. Any motion to seal documents or portions of documents containing information designated as "CONFIDENTIAL" must be filed in accordance with the Local Rule 5.03 and applicable Sixth Circuit standards.

17. Upon final disposition of this action, including the exhaustion of any appellate proceedings, all materials which have been designated as "CONFIDENTIAL" pursuant to this Protective Order and all copies, excerpts or extracts, except for such material which has become part of the record of this action, shall be returned to the person producing the material or destroyed within sixty (60) days. Should counsel elect to comply with this paragraph by destroying such material, such counsel shall provide a letter to opposing counsel certifying that such destruction

6

Case 3:23-cv-00498   Document 36-1   Filed 09/14/23   Page 6 of 10 PageID #: 379
Case 3:23-cv-00498   Document 52-1   Filed 03/25/24   Page 7 of 11 PageID #: 660

has been conducted in a manner eliminating the possibility of disclosure to or reconstruction of such "CONFIDENTIAL" material by third parties.

18. The parties hereto may modify the provisions of this Protective Order at any time, by (a) stipulation signed by all parties hereto and approved by order of the Court, or (b) upon motion and subsequent order of this Court.

19. This Protective Order has no effect upon, and shall not apply to, the parties' use of their own documents, tangible items, information, and other materials.

20. This Protective Order shall be binding upon all parties to this lawsuit, as well as all persons who received CONFIDENTIAL information. The parties stipulate that the Court shall retain jurisdiction over them and over any person to whom confidential information is disclosed, without limitation, to the extent necessary to enforce the terms of this Protective Order.

21. <u>Nothing in this Order, including the designation of information as "Confidential Information" or "Attorneys' Only Information," shall be relied upon as, construed as, or deemed a determination by the Court of the nature of such information, including whether such information is confidential or otherwise protected from disclosure. Nor shall anything in this Order, including the designation of information as "Confidential Information" or "Attorneys' Only Information," be relied upon as, construed as, or deemed a determination by the Court of the propriety of restricting public access to such information if used or offered in this case.</u>

All of the foregoing is so ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge

7

Case 3:23-cv-00498    Document 26-1    Filed 09/14/23    Page 7 of 10 PageID #: 380
Case 3:23-cv-00498    Document 32-1    Filed 05/25/24    Page 8 of 11 PageID #: 661

AGREED TO BY:


/s/ Casey L. Miller
E. Todd Presnell (BPR #17521)
Casey L. Miller (BPR #33952)
Tara S. Sarosiek (BPR #34006)
Ocasha Musah (BPR #39224)
BRADLEY ARANT BOULT CUMMINGS LLP
Roundabout Plaza
1600 Division Street
Suite 700
Nashville, TN 37203-0025
Tel.: (615) 252-2355
Fax: (615) 252-6355
tpresnell@bradley.com
cmiller@bradley.com
tsarosiek@bradley.com
omusah@bradley.com

*Attorneys for Defendant, Sumner County Board of Education*


/s/ Hayley H. Baker, w/permission
Hayley H. Baker
HB ADVOCATES PLLC
3820 Charlotte Avenue, Suite 146-24
Nashville, Tennessee 37209

Justin S. Gilbert
GILBERT LAW, PLC
100 W. Martin Luther King Blvd., Suite 501
Chattanooga, Tennessee 37402

*Attorneys for Plaintiffs*

8

Case 3:23-cv-00498    Document 36-1    Filed 09/14/23    Page 8 of 10 PageID #: 381
Case 3:23-cv-00498    Document 52-1    Filed 03/25/24    Page 9 of 11 PageID #: 662

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| MOTHER DOE and FATHER DOE, on behalf of JOHN DOE., their minor child;<br><br>Plaintiffs,<br><br>v.<br><br>SUMNER COUNTY BOARD OF EDUCATION D/B/A SUMNER COUNTY SCHOOLS,<br><br>Defendant. | Case No. 3:23-cv-00498<br><br>Judge Campbell<br>Magistrate Judge Holmes<br><br>JURY DEMAND |

## CONFIDENTIALITY AGREEMENT

I, _____, hereby affirm that:

1. Information, including documents and things, designated as CONFIDENTIAL as defined in the Protective Order entered in the above-captioned case ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order. I have been given a copy of and have read the Protective Order.

2. I am familiar with the terms of the Protective Order, and I agree to comply with and to be bound by its terms. I submit to the jurisdiction of the United States District Court of the Middle District of Tennessee for enforcement and any remedies for violations of the Protective Order.

3. I agree not use any CONFIDENTIAL information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any of this information to persons other than those specifically authorized by the Protective Order,

9

without the express written consent of the party who designated the information as confidential or by order of the presiding judge. I also agree to notify any stenographic clerical, or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

   4.  I understand that I am to retain all documents and materials designated as or containing CONFIDENTIAL information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any CONFIDENTIAL information are to be returned to counsel who provided me with such documents and materials.

Signature:

_____

Printed Name:

_____

Date:

_____

Sworn to and subscribed before me,
this ____ day of _____, ____.

_____
Notary Public
My Commission Expires: _____

10

Case 3:23-cv-00498   Document 36-1   Filed 09/14/23   Page 10 of 10 PageID #: 383
Case 3:23-cv-00498   Document 52-1   Filed 03/25/24   Page 11 of 11 PageID #: 664