IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| JOHN DOE ) | |
| ) | Case No. 3:23-cv-00498 |
| v. ) | Chief Judge Campbell |
| ) | Magistrate Judge Holmes |
| SUMNER COUNTY BOARD OF ) | |
| EDUCATION ) | |

**O R D E R**

Pending before the Court is Plaintiff John Doe's second motion for protective order to proceed pseudonymously (Docket No. 130), to which Defendant Sumner County Board of Education responded in opposition (Docket No. 135) and Plaintiff replied in support (Docket No. 139). Upon review of the parties' filings, and for the reasons detailed below, Plaintiff's motion (Docket No. 130) is **GRANTED**.

### I. BACKGROUND AND PROCEDURAL HISTORY

This lawsuit was commenced on May 16, 2023 by Mother Doe and John Doe on behalf of John Doe, their minor child. (Docket No. 1.) In the original complaint, the parents allege that their minor son experienced an incident of sexual assault while attending football practice at his high school. (*Id.*) Shortly after commencing the lawsuit, the parents and son filed a motion to proceed pseudonymously (Docket No. 16), which Defendant did not oppose and which the Court granted (Docket No. 20).

With respect to the allegations in the complaint, Defendant moved to dismiss the claims. (Docket No. 13.) In response, the plaintiffs amended their complaint. (Docket No. 19.) However, Defendant then filed a motion to strike certain allegations in the amended complaint. (Docket No. 22.) The Court granted the motion to strike in part and denied it in part (Docket No. 37), and ordered the complaint to be amended for a second time, which the plaintiffs did (Docket No. 38). The plaintiffs then moved for leave to amend their complaint for a third time (Docket No. 39),

which the Court granted because the motion was unopposed (Docket No. 41). The third amended complaint was filed on October 13, 2023 (Docket No. 42) and Defendant moved to dismiss it on October 27, 2023 (Docket No. 45). The Court denied the motion to dismiss (Docket No. 76) and the third amended complaint remained the operative complaint. Accordingly, the claims that remained were for violation of Title IX, both before and after the incident (Counts I and II, respectively), as well as violations of the Equal Protection Clause for failure to train (Count III) and deliberate indifference (Count IV). (Docket No. 42.)

Defendant then filed a motion for summary judgment on August 2, 2024 (Docket No. 87), which the Court granted in part and denied in part on March 24, 2025 (Docket No. 122). The Court granted the motion with respect to Count II, denied the motion with respect to Counts I and III, and granted in part and denied in part the motion with respect to Count IV. (*Id.*) The claims that remain are (i) violation of Title IX before the incident (Count I); (ii) violations of the Equal Protection Clause for failure to train (Count III); and, (iii) deliberate indifference before the incident (Count IV). (Docket No. 121.) The claims for violation of Title IX after the incident (Count II) and for deliberate indifference after the incident (Count IV) were dismissed. (*Id.*)

In its summary judgment motion, Defendant argued that John Doe's stepfather, Father Doe, was not a proper party representative under Rule 17(c) of the Federal Rules of Civil Procedure. (Docket No. 88 at 9–10.) The Court found that it "need not consider" this issue because John Doe's mother was a proper party representative and "because the record indicates that Doe has recently attained the age of majority and must, therefore, proceed on his own behalf." (Docket No. 121 at 9–10.) The Court affixed a footnote to that sentence, which stated, "Given the sensitive nature of the allegations, the Court's prior ruling that Plaintiffs may proceed pseudonymously (Doc. No. 20) remains unchanged." (*Id.* at 10 n.7.)

The Court then directed the plaintiffs to file a motion to substitute party. (Docket No. 122 at 1.) On April 9, 2025, Father Doe and Mother Doe moved to substitute John Doe as the named plaintiff. (Docket No. 128.) The Court conditionally granted the motion and directed that Father Doe and Mother Doe be removed from the case caption, but ordered John Doe to file a motion to continue to proceed pseudonymously. (Docket No. 129.)

That motion is now before the Court. (Docket No. 130.) In support of his motion, John Doe filed a declaration from Tonia Hardyway with exhibits (Docket Nos. 131, 131-1, 131-2, 131-3), a declaration from Hayley Baker with an exhibit (Docket No. 132, 132-1), and a memorandum (Docket No. 133). Defendant filed a response in opposition (Docket No. 135) and John Doe filed a reply in support (Docket No. 139).

## II.  LEGAL STANDARD AND ANALYSIS

As a rule, actions must be prosecuted in the name of the real party in interest. Fed. R. Civ. P. 17(a)(1). Further, a complaint must state the names of the parties. Fed. R. Civ. P. 10(a). "Plaintiffs are permitted to proceed under pseudonyms only under certain circumstances that justify an exception to this rule." *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005) (referring to Fed. R. Civ. P. 10(a)). Whether to allow a party to proceed under a pseudonym is within the sound discretion of the court but should be permitted only if the privacy interests of the party seeking anonymity "substantially outweigh" the strong presumption in favor of open judicial proceedings. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004).

This determination is informed by several, non-exclusive considerations, which are referred to as "*Porter* factors" and which include the following:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Id.* (citing *Doe v. Stengall*, 653 F.2d 180, 185–86 (5th Cir. 1981)). A plaintiff does not have to fulfill every *Porter* factor to be allowed to proceed under a pseudonym, and no one *Porter* factor is dispositive in the outcome of such a decision. *Doe #11 v. Lee*, No. 3:22-cv-00338, 2023 WL 19299996, at *3 (M.D. Tenn. Feb. 10, 2023) (citing *Doe v. Whitmer*, No. 1:19-cv-422, 2019 WL 4645686, at *2 (W.D. Mich. July 1, 2019)).

In arriving at its conclusion, the court must "start from the premise that proceeding pseudonymously is the exception, rather than the rule." *Doe v. Franklin County, Ohio*, No. 2:13-cv-00503, 2013 WL 5311466, at *2 (S.D. Ohio Sept. 20, 2013) (citation omitted). "Other factors that may be considered include whether the plaintiff would risk suffering injury if identified and whether the defendant would be prejudiced by the plaintiff's proceeding anonymously." *Doe v. Fedex Ground Package Sys., Inc.*, Case No. 3:21-cv-00395, 2021 WL 5041286, at *5 (M.D. Tenn. Oct. 29, 2021) (internal citations omitted).

The Court will first examine the *Porter* factors first and then examine the other factors set forth by the parties.

**A.     Porter *Factors***

Plaintiff John Doe argues that the first, second, and fourth *Porter* factors weigh in favor of permitting him to proceed pseudonymously. Defendant, however, disagrees and argues that these three factors weigh in favor of requiring John Doe to proceed under his real name. Both parties agree that the third factor is not applicable and the Court therefore finds it unnecessary to address that factor.

   1. <u>Whether this litigation involves a challenge to governmental activity</u>

John Doe argues that the first *Porter* factor weighs in his favor because he has alleged in his third amended complaint that "Sumner County Board of Education, a governmental entity, has violated Title IX of the Education Amendments of 1972 and 42 U.S.C. § 1983, and that such

4

violations resulted in [John Doe] being sexually assaulted on school grounds during school hours." (Docket No. 133 at 3–4 (citing Docket No. 42).) He states that there is therefore "no question" that he is "suing to challenge governmental activity." (*Id.* at 4 (quoting *Porter*, 370 F.3d at 560).)

Defendant, however, disagrees and argues that this factor has been construed much more narrowly by courts and weighs against allow John Doe to proceed under his pseudonym. (Docket No. 135 at 4–5.) Defendant contends that this factor weighs in favor of "only 'when a plaintiff brings an action against a governmental entity and *seeks to have a law or regulation declared invalid*.'" (*Id.* at 4) (citing *Doe v. Ky. Comm. & Tech. Coll. Sys.*, No. 20-6-DLB, 2020 WL 998809 (E.D. Ky. Mar. 2, 2020). Defendant cites to two opinions to support this narrowed construction of the second *Porter* factor: *Doe v. Ky. Comm. & Tech. Coll. Sys.*, No. 20-6-DLB, 2020 WL 998809 (E.D. Ky. Mar. 2, 2020) and *Poe v. Lowe*, 756 F. Supp. 3d 537, 545 (M.D. Tenn. 2024). Relying on these two cases, Defendant argues that this factor weighs against John Doe proceeding under a pseudonym because he is "not seeking to have a law or regulation declared invalid" but is instead "challenging the Board's conduct – how it handled reports of sexual misconduct prior to the fieldhouse incident." (*Id.*)

In his reply, John Doe contends that Defendant has interpreted this factor to be more restrictive than it actually is. (Docket No. 139 at 1–4.) John Doe argues that the two cases cited by Defendant do no support the "sweeping holding that Defendant purports." (*Id.* at 2–3.) Instead, John Doe contends that many other opinions show that the language in this factor should be read broadly. (*Id.* at 3–4.) The Court generally agrees.

Although the way in which a party challenges governmental activity in the litigation is relevant, Defendant's contention that either the *Kentucky Community & Technical College System* case or the *Lowe* case establishes a categorical limitation on pseudonymity is a misstatement, and one that too narrowly construes this factor. The quoted passage from *Doe v. Ky. Comm. & Tech.*

5

*Coll. Sys.*, 2020 WL 998809, at *2, is taken from another case, *K.G. v. Bd. of Educ. of Woodford Cnty., Kentucky*, No. 5:18-CV-555-JMH, 2019 WL 4467638 (E.D. Ky. Sept. 18, 2019), in which the court stated that "courts are generally less likely to grant a plaintiff permission to proceed anonymously when the plaintiff sues a private individual than when the action is against a governmental entity 'seeking to have a law or regulation declared invalid.'" 2019 WL 4467638 at *3 (quoting *Doe v. Merten*, 219 F.R.D. 387, 394 (E.D. Va. 2004)). "Generally less likely" does not equate to "only," as asserted by Defendant.

Magistrate Judge Frensley, in the *Lowe* case, similarly relied on *Kentucky Community & Technical College System* in finding that the first *Porter* factor did not support pseudonymity because the plaintiff lawsuit against a private university and its employees was not neither a challenge of governmental activity or the validity of law or regulation. 756 F.Supp.3d at 545. Judge Frensley did not, however, articulate a per se restriction on the kind of lawsuits by which a plaintiff may proceed pseudonymously, but rather merely found that the first *Porter* factor weighed against allowing that relief in that specific case. *Id*.

Put simply, seeking to have a law or regulation declared invalid is not a prerequisite to proceed pseudonymously. Instead, whether a party is seeking to have a law or regulation declared invalid is simply a consideration when deciding whether and by how much this first *Porter* factor will weigh in favor of pseudonymity.

The Court finds that this factor weighs in favor of John Doe proceeding pseudonymously. John Doe contends that a public-school board's violations of Title IX and § 1983 resulted in his sexual assault. This is clearly a challenge to governmental activity. The Court recognizes that the challenged action at issue here is not of the type that has been recognized as weighing strongly in favor of permitting anonymity, including because it does not test the validity of a specific law or

regulation. Instead, John Doe's challenge is to governmental activity – or alleged lack thereof – that primarily impacted him and not the community writ large.

That said, the Court must also note that John Doe alleges that other incidents similar to his occurred, the evidence of which Chief Judge Campbell found for purposes of summary judgment "suffices to raise a material issue of fact on whether student-on-student sexual misconduct was widespread at HHS prior to the Fieldhouse Incident" (Docket No. 121 at 19) and from which a reasonable jury could conclude "that the Fieldhouse Incident, in conjunction with the post-incident taunting, amount to pervasive sexual harassment" (*id*. at 19), "that involuntary exposures were common within the football program" (*id*. at 21), and "that the coaches had actual knowledge of the hazing and that their conduct amounted to deliberate indifference, facilitating and ultimately leading to the incident involving [John] Doe" (*id*. at 22). By their nature, the allegations of deliberate indifference and failure to train as to John Doe's "before" claim, which the Court has already found sufficiently overcome summary judgment, imply a broader impact than the singular circumstances involving John Doe. In consideration of the entirety of the claims asserted, the Court finds this factor weighs in favor of John Doe proceeding pseudonymously.

2. <u>Whether John Doe would be compelled to disclose information of "utmost intimacy"</u>

John Doe argues that prosecution of this lawsuit has compelled him to disclose information relating to his alleged sexual assault, which weighs this second *Porter* factor in favor of proceeding under a pseudonym. (Docket No. 133 at 4–6.) He states that court have consistently found that sexual harassment, sexual abuse, and sexual assault are all matters of the "utmost intimacy." (*Id.* at 4–5 (citations omitted).) He also argues that courts within the Sixth Circuit have extended the protections of a pseudonym to alleged adult perpetrators of sexual assault with a claim against a private university, whereas he is an alleged child victim of sexual assault with a claim against a public school system. (*Id.* at 5 (citing *Doe v. Univ. of S.*, No. 4:09-CV-62, 2011 WL 13187184, at

7

*16–19 (E.D. Tenn. July 8, 2011); *Z.J. v. Vanderbilt Univ.,* 355 F. Supp. 3d 646, 658 (M.D. Tenn. 2018)).) John Doe states that, in addition to the sexual assault he faced at his former high school, he has faced additional harassment at his new school and will continue to face "considerable harassment" if his identity is exposed, all of which weighs in his favor with respect to this second factor. (*Id.* at 5–6.)

In response, Defendant concedes that "allegations of sexual assault can require an individual to disclose information of the utmost intimacy," but argues that this alone is not enough to entitle a plaintiff to proceed under a pseudonym. (Docket No. 135 at 7–8.) Defendant also argues that the harassment discussed by John Doe is hypothetical and not actual, and therefore should not be considered when analyzing this factor. In short, Defendant appears to concede that this factor weighs in John Doe's favor – although Defendant does not say so explicitly – but nevertheless believes that this factor alone is insufficient to support pseudonymity.

The Court finds that this second *Porter* factor weighs heavily in favor of John Doe. There can be little dispute that this action has forced and will continue to force John Doe to reveal particularly sensitive information of a sexual nature. *See Porter*, 370 F.3d at 560. Other courts have found pseudonymity appropriate when the lawsuit involves this type of sensitive issue. *See Fedex Ground Package Sys., Inc.*, 2021 WL 5041286 at *5 (finding that matters of sexual assault are "highly sensitive and personal subjects" and accepting pseudonymity for plaintiff who alleged rape). Because this action so clearly concerns information of "utmost intimacy," the Court does not find it necessary to determine whether John Doe will face actual or potential harassment in its analysis of this second factor.

In addition, the undersigned finds it highly relevant and important that Chief Judge Campbell stated that "[g]iven the sensitive nature of the allegations, the Court's prior ruling that Plaintiffs may proceed pseudonymously (Doc. No. 20) remains unchanged." (Docket No. 121 at

8

10 n.7.) Neither party comments on Judge Campbell's statement, but the undersigned believes it adds additional weight to a finding that this second *Porter* factor is heavily in favor of allowing John Doe to proceed under a pseudonym. For these reasons, this factor strongly supports John Doe proceeding pseudonymously.

      3.     <u>Whether John Doe is a child</u>

John Doe argues that he was a child when he was sexually assaulted and when this lawsuit was commenced, and therefore this fourth *Porter* factor should weigh in favor of him proceeding pseudonymously. (Docket No. 133 at 6–7.) Although John Doe is now 18 years old and legally an adult, he contends that he should continue to be afforded the "heightened protection" provided to minors. (*Id.* at 7.) He contends that this Court has previously allowed a victim of sexual harassment at a public school to continue proceeding under a pseudonym, even after the plaintiff reached the age of majority. (*Id.* (citing *Jane Doe v. Metro. Gov't of Nashville and Davidson Cnty.*, No. 3:17-cv-01159 (M.D. Tenn. January 13, 2023) (Docket No. 73).)

Defendant disagrees and argues that this factor should weigh in favor of disclosure because John Doe is no longer a child. (Docket No. 135 at 5–6.) Defendant contends that this factor "only weighs in favor of allowing a plaintiff to proceed pseudonymously when the plaintiff is a minor or the plaintiff is suing on behalf of a minor." (*Id.* at 5.) Defendant believes that an opinion from this Court supports its position that John Doe's privacy interests do not substantially outweigh the presumption of open judicial proceedings because he is now an adult. (*Id.* (citing *Doe v. Byrd*, No. 1:18-CV-00084, 2019 WL 13546234, at *6 (M.D. Tenn. Dec. 17, 2019)).) Defendant also asserts that John Doe's reliance on an order from *Jane Doe v. Metro. Gov't of Nashville and Davidson Cnty.*, Case No. 3:17-cv-01159, is misplaced because that order granted an unopposed motion to substitute parties and is, therefore, irrelevant to the issue at hand.

9

In his reply, John Doe argues that Defendant has read this factor too narrowly. (Docket No. 139 at 4–5.) John Doe contends that the cases relied upon by Defendant do not support his contention that this factor "only" weighs in favor of pseudonymity if the plaintiff is currently a minor because those cases either involve adult parents who brought claims on behalf of their minor children at the time the issue of pseudonymity was analyzed or are unreported. (*Id.* at 4.) John Doe points to another opinion stating that the question is whether the party seeking pseudonymity was a child at the time that the lawsuit was filed. (*Id.* (citing *K.G.*, 2019 WL 4467638 at *4 (quoting *D.E. v. John Doe*, 834 F.3d 723, 728 (6th Cir. 2016)).)

The Court finds that this factor weighs in favor of John Doe proceeding pseudonymously. The question is "whether the present litigant is particularly vulnerable because of [his] age." *Ramsbottom v. Ashton*, No. 3:21-CV-00272, 2021 WL 2651188, at *4 (M.D. Tenn. June 28, 2021) (citing *D.E. v. John Doe*, 834 F.3d 723, 728 (6th Cir. 2016) (holding that the district court did not abuse its discretion in denying the plaintiff's motion for a protective order, because, among the other factors, the plaintiff "was [not] a child when he filed this lawsuit," even though he was a minor when the events he complained of occurred). The events at the heart of this litigation occurred when John Doe was a minor. Further, John Doe's parents filed this lawsuit, on his behalf, when he was a minor. Clearly, this is not a case that was filed by John Doe as an adult regarding events that occurred when he was a child. *See Ramsbottom*, 2021 WL 2651188 at *4 (finding that fourth *Porter* factor did not weigh in favor of plaintiff who filed complaint at age 26 regarding events that occurred when she was a minor). Given John Doe's very recent attainment of adulthood, his status as a high school student, the fact that the events in the litigation occurred when he was a minor, and the fact that the lawsuit was filed when he was a minor, all weight this factor in support of John Doe proceeding pseudonymously.

B.   Other Factors

1.   <u>Whether John Doe would face injury from disclosure</u>

John Doe argues that he would face psychological, reputational, and economic harm if he is not allowed to remain under a pseudonym. (Docket No. 133 at 8–9.) To support his position, John Doe provides a declaration from Tonia Hardyway, a licensed clinical social worker who knows him personally and has treated him in a professional capacity. (Docket No. 131.) In her declaration, Dr. Hardyway states: "Based on my expertise, research, and treatment of John Doe, there is a significant risk that John Doe will experience additional debilitating psychological harm if his identity is publicly disclosed in this case." (*Id.* at ¶ 5.) She wrote a letter "explaining and supporting this conclusion." (*Id.*)

In her three-page letter, Dr. Hardyway states that John Doe has "already exhibited symptoms of anxiety, depression, and social withdrawal following the initial trauma." (Docket No. 131-3 at 2.) She believes that public disclosure of his identity may: "lead to disbelief, victim-blaming, or social withdrawal by peers and family, thereby fracturing his support system at a critical time"; "cause severe distress, leading to reduced academic performance, concentration issues, and withdrawal from educational environments"; and "jeopardize his employment opportunities." (*Id.* at 3.) Dr. Hardyway further states that "the continued use of a pseudonym is not optional: it is a clinical, ethical, and legal necessity to protect John Doe's mental health, dignity, and reintegration into daily life." (*Id.* at 4.)

In response, Defendant argues that John Doe's risk of psychological harm is merely speculative and therefore inadequate to allow him to proceed pseudonymously. (Docket No. 135 at 8–10.) Defendant contends that Dr. Hardyway's letter provides her supposition of what "may" happen if John Doe proceeds under his real name, which does not support pseudonymity. Defendant also argues that concerns about reputational or economic harm are irrelevant to a

determination of injury from proceeding without a pseudonym because these "type of concerns [are] harbored by other similarly situated litigants who file lawsuits under their real names." (*Id.* at 9–10 (quoting *Doe v. Carson*, Nos. 19-1566/19-1714, 2020 WL 2611189, at *2 (6th Cir. May 6, 2020)).)

Generally, courts have found that a plaintiff's allegations that proceeding publicly would cause embarrassment and humiliation, standing alone, are not sufficient to justify permitting a plaintiff to proceed under a pseudonym. *Fedex Ground Package Sys., Inc.*, 2021 WL 5041286 at *7 (citing *Doe v. Smith*, 105 F. Supp. 2d 40, 44 (E.D.N.Y. 1999)). Here, as discussed above, John Doe has submitted a declaration and letter from Dr. Hardyway. his treating licensed clinical social worker, indicating that he has exhibited symptoms of trauma-related distress, anxiety, depression, social withdrawal, isolation, shame, and humiliation from the events underlying this litigation. (Docket No. 131-3 at 2–3.) Although Dr. Hardyway does not identify specific harms that are certain to occur if John Doe's motion is denied and he is required to use his real name, her discussion of John Doe's symptoms and treatment are sufficient at this juncture to demonstrate that John Doe risks psychological harm, particularly given how the three *Porter* factors discussed above all weigh in favor of John Doe. *See id.* ("Although Doe has not submitted actual evidence regarding her medical treatment from her practitioners, the court finds that her own testimony regarding her symptoms and treatment is sufficient at this juncture."). Accordingly, the Court finds that this "other" non-*Porter* factor supports John Doe proceeding pseudonymously.

2. <u>Whether Defendant will suffer prejudice</u>

John Doe argues that Defendant will not suffer prejudice if he retains his pseudonym because discovery has ended and because Defendant did not previously oppose his use of a pseudonym. (Docket No. 133 at 9.) In response, Defendant argues that it will, in fact, be prejudiced. (Docket No. 135 at 10–11.) It argues that allowing John Doe to proceed under a pseudonym will

12

"implicitly influence the jury and advantage the Plaintiff at the expense of the Board." (*Id.* at 11.) In reply, John Doe states that any potential prejudice to Defendant at trial can be addressed by a jury instruction, by sealing the courtroom, and by redacting John Doe's name in public transcript to reduce the stress of using a pseudonym. (Docket No. 139 at 5.)

The Court does not find that Defendant will suffer any undue prejudice if John Doe continues to proceed under a pseudonym. Defendant did not oppose John Doe's first request to proceed under a pseudonym and has been able to conduct this litigation without issue. Further, as John Doe states, there are solutions to resolve some, if not all, of Defendant's concerns with respect to John Doe proceeding under a pseudonym during trial. The Court therefore finds that this "other" non-*Porter* factor supports John Doe proceeding pseudonymously.[1]

## C. Weighing the Factors

Considering all the relevant *Porter* factors and two "other" non-*Porter* factors, the Court finds that John Doe's privacy interests "substantially outweigh" the strong presumption in favor of open judicial proceedings. *Porter*, 370 F.3d at 560. There is no doubt that the allegations in this case are of a highly intimate and personal nature, which weighs heavily in John Doe's favor. Further, John Doe was a minor at the time that he filed this lawsuit and when the events in the lawsuit occurred. He is challenging the actions of a school board, which is a governmental entity, and while he does not seek to have a specific law or regulation declared invalid, which mitigates the weight of this factor in his favor, his claims do have broader implications. Regardless, John Doe risks psychological harm if he is not able to proceed pseudonymously and Defendant is

---

[1] Nevertheless, the undersigned does not purport to speak for Chief Judge Campbell on trial procedures. If Defendant reasonably believes that it will be prejudiced by John Doe's use of a pseudonym at trial, notwithstanding the possible options for mitigation, Defendant can seek appropriate relief at that time. To be clear, this is not an invitation for Defendant to take another bite of this apple.

13

unlikely to suffer prejudice that cannot be addressed and mitigated. Overall, the Court finds that the circumstances weigh in favor of anonymity in this case and therefore concludes that John Doe is properly permitted to continue to proceed under a pseudonym.

### III. CONCLUSION

For these reasons, Plaintiff John Doe's second motion for protective order to proceed pseudonymously (Docket No. 130) is **GRANTED**.

It is SO ORDERED.

BARBARA D. HOLMES
United States Magistrate Judge